UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ANTHONY PEPE, JR.,

             Plaintiff,

v.

KENEV INC., et al,

             Defendants.
-----------------------------------------------------------x

**ORDER**

23-CV-07747 (PMH)

PHILIP M. HALPERN, United States District Judge:

       On January 24, 2024, Plaintiff filed, with leave of the Court, a First Amended Complaint against Minneford Marina, Kenev d/b/a Boatmax Inc., Boatmax II, Rapid Liens, Inc. ("Rapid Liens"), and Eddie Carpenter, Jr. (together, "Defendants"). (Doc. 33, "FAC"). On September 11, 2024, Plaintiff and Defendants Chesapeake Bay Properties, Inc. d/b/a Minneford Marina, Boatmax II, and Boatmax, Inc. filed a Stipulation of Discontinuance. (Doc. 84). On September 12, 2024, the Court terminated the action as to those Defendants and directed Plaintiff to, by September 20, 2024, file a letter advising the Court whether he intends to proceed with this action against Defendants Rapid Liens, Inc. and Eddie Carpenter Jr. (Doc. 85). Plaintiff did not respond to the Order. On September 30, 2024, the Court again directed Plaintiff to, by October 4, 2024, advise the Court whether he intends to proceed with this action against the remaining Defendants: Rapid Liens, Inc. and Eddie Carpenter Jr. (Doc. 86). The Court warned that failure to comply with the Order would result in dismissal of this action without prejudice. Plaintiff did not respond to the Order.

       On November 1, 2024, the Court issued an Order to Show Cause why this action should not be dismissed without prejudice for want of prosecution under Federal Rule of Civil Procedure 41(b). (Doc. 87). The Court warned that the action will be dismissed unless, by November 18, 2024, Plaintiff shows good cause in writing for his failure to comply with the Court's September

12 and 30 Orders. (*Id.*). Plaintiff did not respond to the Order to Show Cause and there has been no activity on the docket since then.

## STANDARD OF REVIEW

The Second Circuit has recognized that Federal Rule of Civil Procedure 41(b), in combination with "the inherent power of a court to dismiss for failure to prosecute, a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of the judge's discretion." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *see also West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute."); *Lewis v. Hellerstein*, No. 14-CV-7886, 2015 WL 4620120, at *3-4 (S.D.N.Y. July 29, 2015) (dismissing *pro se* complaint for want of prosecution after the plaintiff failed to file an amended complaint or submit other filings for four months); *Haynie v. Dep't of Corr.*, No. 15-CV-4000, 2015 WL 9581783, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing *pro se* complaint for want of prosecution after plaintiff failed to respond for six months).

Although the Second Circuit has concluded that dismissal under Rule 41(b) is a "harsh remedy to be utilized only in extreme situations," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)), dismissal may be necessary "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether to dismiss an action for failure to prosecute under Rule 41(b), the Second Circuit has directed district courts to consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in

> receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jefferson v. Webber*, 777 F. App'x 11, 14 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alteration in original)). No single factor is dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Ultimately, the record must be viewed "as a whole" in order to determine whether dismissal is warranted. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citing *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993)).

## ANALYSIS

The Court finds that dismissal of Plaintiff's action for failure to prosecute under Rule 41(b) is proper in this case. As to the first factor, Plaintiff has failed to communicate with the Court since September 2024. Plaintiff was directed on September 12 and 30, 2024 to advise the Court whether he intends to proceed with this action against Defendants Rapid Liens, Inc. and Eddie Carpenter Jr. (Docs. 85-86). Plaintiff failed to respond. On November 1, 2024, Plaintiff was directed to show good cause in writing for his failure to comply with the Court's prior Orders. (Doc. 87). No response has been filed to date. Indeed, Plaintiff has not contacted the Court since the Stipulation of Discontinuance was filed on September 11, 2024. (Doc. 84). Plaintiff's failure to comply with the Court's directives over four months is sufficient to support dismissal. *See, e.g.*, *Balderramo v. Go New York Tour Inc.*, No. 15-CV-2326, 2019 WL 5682848, at *3 (S.D.N.Y. Nov. 1, 2019) ("In this Circuit, a delay of merely a matter of months may be sufficient to warrant dismissal under Rule 41.").

Second, Plaintiff has been warned that failure to comply with the Court's directives could result in dismissal of this action. The September 30 Order warned that "failure to comply with this Order will result in dismissal of this action without prejudice." (Doc. 86). The November 1 Order also warned that Plaintiff's failure to comply would result in dismissal of the action. (Doc. 87).

Third, when a plaintiff's delay is "lengthy and inexcusable," prejudice can be presumed. *United States ex rel. Drake*, 375 F.3d at 256. The delay here is inexcusable: Plaintiff has not complied with the Court's directives and has not taken any steps to advance this matter against Defendants Rapid Liens, Inc. or Eddie Carpenter Jr. for more than four months.

Fourth, the Court has balanced the need to alleviate court congestion with a party's right to due process and determined that dismissal is appropriate. "[N]oncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Mahoney v. City of New York*, No. 12-CV-6717, 2013 WL 5493009, at *2 (S.D.N.Y. Oct. 1, 2013). Since the Stipulation of Discontinuance was filed in September 2024, the Court has issued multiple directives pressing Plaintiff to advise whether he intends to proceed with the action against the remaining defendants, including two orders which explicitly warned that the action would be dismissed for failure to comply. Plaintiff has not complied with those directives or otherwise communicated with the Court in any way, and the Court has no reason to believe that he intends to pursue this action against Defendants Rapid Liens, Inc. and Eddie Carpenter Jr. any further.

The Court has further "considered the possibility of a less drastic sanction than dismissal." *Kaplan v. Hezbollah*, 844 F. App'x 459, 460 (2d Cir. 2021). Where, as here, a plaintiff appears to have abandoned the litigation, dismissal is appropriate. *See Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (finding dismissal under Rule 41(b) proper because, *inter alia*, "the Court is sufficiently persuaded that Plaintiff has abandoned this matter").

**CONCLUSION**

Based upon the foregoing, and viewing the record in its entirety, the Court finds that dismissal of this action under Federal Rule of Civil Procedure 41(b) is appropriate. Accordingly, this action as asserted against Defendants Rapid Liens, Inc. and Eddie Carpenter Jr. is DISMISSED without prejudice. The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED:**

Dated: White Plains, New York
February 3, 2025

_____
Hon. Philip M. Halpern
United States District Judge